1  KAREN L. HANKS, ESQ.
   Nevada Bar No. 9578
2  E-mail: karen@hankslg.com
   HANKS LAW GROUP
3  7625 Dean Martin Drive, Suite 110
   Las Vegas, Nevada 89139
4  Telephone: (702) 758-8434
   *Attorneys for Samsara Investments LLC Series 4*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMSARA INVESTMENTS LLC SERIES 4,<br><br>Plaintiff,<br><br>vs.<br><br>THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01859-JCM-EJY<br><br>**STIPULATION AND ORDER TO STAY DEADLINE TO FILE JOINT DISCOVERY PLAN AND RESPONSE TO MOTION TO DISMISS** |

Plaintiff, Samsara Investments LLC Series 4 ("Samsara") and Defendant, The Department of Housing and Urban Development ("HUD" or "Federal Defendant") (collectively the "Parties") hereby represents and stipulate as follows:

1. On October 11, 2024, HUD filed a motion to dismiss Samsara' complaint.

2. The current deadline by which Samsara must file its response to the motion to dismiss is November 8, 2024.

3. The deadline by which the Parties must meet and confer regarding a joint discovery plan is November 12, 2024, and the deadline by which the scheduling order must be filed is December 3, 2024.

4. In this case, HUD is the beneficiary of a partial claim deed of trust.

5. Samsara recently learned that Bank of America, N.A. was the beneficiary of the first deed of trust recorded against the subject Property, and Samsara settled with Bank of America

/ / /

- 1 -

by way of Samsara paying a sum certain in exchange for reconveyance of the first deed of trust prior to the filing of this lawsuit.

6. Samsara believes when it paid off the mortgage, HUD's lien should have equally been reconveyed. But since Samsara's counsel was not involved in that settlement and was unaware of the foregoing information prior to Samsara filing this lawsuit, it is unclear whether this was discussed or contemplated during settlement. As such, Samsara requires more time to confirm this information to determine next steps.

7. Federal Defendant's point of contact at HUD is currently out of office, and will require time to look into this matter in light of the foregoing information.

8. Depending on what is discovered, the Parties may be able to resolve this dispute short of litigation. To allow time to look into the issue, the Parties stipulate to staying this matter for 90 days.

9. Samsara and HUD stipulate and agree that the deadline in which to hold a discovery conference be stayed until January 22, 2025.

10. Samsara and HUD further stipulate and agree that the deadline in which Samsara must file its response to HUD's motion to dismiss be stayed until February 6, 2025.

11. HUD's reply in support of the motion to dismiss will be due February 21, 2025.

Respectfully submitted this 8th day of November 2024.

| | |
|---|---|
| **JASON M. FRIERSON**<br>United States Attorney | **HANKS LAW GROUP** |
| */s/ Reem Blaik*<br>REEM BLAIK<br>Assistant United States Attorney | */s/ Karen L. Hanks*<br>KAREN L. HANKS<br>Attorney |
| *Attorneys for Federal Defendant* | *Attorneys for Plaintiff* |

**IT IS HEREBY ORDERED that the Stipulation to Stay Deadline (ECF No. 11) is GRANTED; provided, however, the parties must file a status report no later than February 10, 2025 addressing (1) whether there is agreement that discovery should remain stayed and, (2) if not, a discovery plan and scheduling order.**

_____
**U.S. MAGISTRATE JUDGE**

**Date: November 8, 2024**